Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1104 | **DATE** | 6/15/2001 |
| **CASE TITLE** | Joseph J. House vs. David Lao et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The United States is substituted as defendant, Judge Lao is dismissed with prejudice and the case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 18 2001 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail A 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUN 15 PM 4:10 | |
| WAH courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH J. HOUSE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 01 C 1104 |
| DAVID LARO and UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff lost, not totally but to a considerable extent, in the Tax Court in a case before Judge David Laro. He did not appeal to the Court of Appeals and he apparently does not now (nor can he) contest the result. He does, however, take issue with certain aspects of Judge Laro's opinion. He contends that Judge Laro drew a negative inference from plaintiff having set up 163 corporations for various clients of his tax preparation business and that the judge relied upon his statement in another case that was taken out of context and was privileged as a statement during settlement negotiations, all for improper reasons. Plaintiff took issue by suing Judge Laro in state court. The United States removed the case, substituting itself as defendant pursuant to 28 U.S.C. §2679(d)(2), and has moved to dismiss. That motion is granted.

A certification by the Attorney General that the individual defendant was acting within the scope of his employment provides a basis for removal. The United States is substituted as the defendant, the individual defendant is dismissed with prejudice, and the case proceeds as a claim under the Federal Tort Claims Act. The plaintiff can, however, seek review of that



certification in the federal proceeding. <u>Gutierrez de Martinez v. Lamagno</u>, 515 U.S. 417 (1995). He has done so here.

The certification is prima facie proof that the challenged conduct was within the scope of employment, which plaintiff must rebut by specific facts. <u>McAdams v. Reno</u>, 64 F.3d 1137 (8th Cir. 1995). The determination whether or not conduct is within the scope of employment is a matter of state law, here Illinois, and the answer may be clear from the face of the complaint. "An employee's action falls within the scope of employment if '(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master.'" That is so even if the employee was in part actuated by ill-will toward the plaintiff. <u>Taboas v. Mlynczak</u>, 149 F.3d 577, 582, 583 (7th Cir. 1998).

Here the resolution need not resort to the concept of prima facie proof. Judge Laro's actions all the way through were clearly within the scope of his employment. As stated by the government, "Judge Laro conducted the trial, inquired whether the parties had attempted to settle, completed the trial when the parties were unable to settle, listened to the testimony and the evidence, made findings of fact and conclusions of law based on the evidence admitted at trial, and issued a memorandum findings of fact and opinion upon completion of his deliberations, all of which are clearly within the scope of Judge Laro's employment" (United States reply, p.2). His actions served his employer's interests, the disposition of a case before the Tax Court. They clearly were judicial acts entitled to judicial immunity. If plaintiff believed Judge Laro was prejudiced against him, he could have moved for recusal and, ultimately, if that was unreasonably denied, could have appealed that denial. If he thought

certain sentences in the opinion were unwarranted, he could have moved for reconsideration of those sentences. Appeal of the judgment was available to him. But he cannot prosecute his displeasure by a defamation suit.

The United States is the proper defendant and the claim must be under the Federal Tort Claims Act. But the United States has not waived sovereign immunity for defamation claims and plaintiff did not, in any event, exhaust his administrative remedies, as he must. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). This court, accordingly, lacks subject matter jurisdiction. The United States is substituted as defendant, Judge Laro is dismissed with prejudice, and the case is dismissed with prejudice.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

June 15, 2001.